IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN AGBOR TABE, #59234<br>Petitioner<br><br>v.<br><br>WARDEN<br>Respondent | *<br>*<br>*<br>*   Civil Action No. RDB-07-177<br>*<br>*<br>* |

oOo

**MEMORANDUM OPINION**

On January 17, 2007, John Agbor Tabe, who is confined at the Howard County Detention Center, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. §2254 to challenge his conviction in 2002 for second degree assault and reckless endangerment in the District Court for Montgomery County, and for which he was sentenced to "one year minus one day," receiving probation before judgment. Petitioner alleges the state court conviction is constitutionally infirm because he did not understand the consequences of his guilty plea. In this petition, Tabe is requesting habeas corpus relief with respect to a state court conviction, the sentence for which has long expired. In reality, the purpose of the Petition is to challenge the use of his state court conviction as a basis for current federal deportation proceedings against him.[1] For the reasons that follow, the Court will dismiss the Petition without prejudice for lack of jurisdiction.[2]

---

[1] This Court does not have jurisdiction to issue a "waiver for immigration purposes." Complaint at 14. Even if this matter were construed under 28 U.S.C. §2241, the general habeas corpus provision, the Petition would fail because federal district courts generally lack subject matter jurisdiction to review an order of removal. The Real ID Act of 2005, Pub. L. No. 109-13, § 106, 119 Stat. 231, enacted May 11, 2005, states that federal district courts lack jurisdiction, habeas or otherwise, to review removal orders. *See* 8 U.S.C. §1252 (b)(9).

[2] This case is dismissed without prejudice to any available state court remedies that may be available to challenge the conviction.

The threshold question presented here is whether Petitioner is "in custody" as required for habeas relief under §2254(a).[3] *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (interpreting "in custody" to mean *"under the conviction or sentence under attack at the time the petition is filed"*) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (emphasis added).) The Supreme Court has held that "once the sentence imposed for a conviction has completely expired, the collateral consequences of a conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng,* 490 U.S. at 492. Immigration consequences collateral to a petitioner's conviction are insufficient to satisfy the "in custody" requirement. *See e.g. Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992); *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004).[4] Thus, Tabe does not satisfy the "in custody" requirement under §2254(a) for requesting habeas corpus relief. The Petition will be dismissed without prejudice by separate Order.[5]

February 28, 2007                    /s/
                                     Richard D. Bennett
                                     United States District Judge

---

[3]Under 28 U.S.C. §2254(a):

... a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

[4]These cases reviewed the "in custody" requirement in the context of a 28 U.S.C. §2255 proceeding. This requirement is analogous to the "in custody" provision applied to §2254 cases.

[5] The writ of error coram nobis, an ancient writ to vacate a conviction after a sentence has been served, is not available in federal court to attack state criminal judgments. *See Obado v. New Jersey*, 328 F. 3d 716, 718 (3rd Cir. 2003); *Sinclair v Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964); *Arnold v. Hoffe*, 22 Fed .Appx. 181, 182 n. 1 (4th Cir. 2001) (unpublished).